UNITED STATES of America,
Appellee,

v.

James Buchanan DUKE, Appellant.

No. 12414.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1969.

Decided April 23, 1969.

Arthur Vann, Durham, N.C., for appellant.

William H. Murdock, U. S. Atty. (H. Marshall Simpson, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and WINTER, Circuit Judges.

HAYNSWORTH, Chief Judge:

A number of questions are presented by this appeal from a conviction of bank robbery.

■ We need not detail all of the evidence supporting the verdict. Some of it was circumstantial and much of it was dependent upon the defendant's own admissions. Collectively, it is more than sufficient to support a finding of guilt beyond a reasonable doubt.

Complaint, however, is made as to the admission of the defendant's statements to FBI agents on the afternoon of the robbery and on the following afternoon. While the giving of *Miranda* warnings is conceded, the claim is made that the agents took insufficient time to explain to the defendant the true meaning of the warnings and to permit their underlying meaning to sink in.

The defendant was picked up by a local law enforcement official while walking along an unpaved rural road in shirt sleeves on an afternoon in late fall, a few hours after the robbery of the bank. It was not far from where the getaway car had been abandoned and in the same area where the next day the money obtained in the robbery, together with a pistol, which the defendant admitted was apparently his, was found. The defendant's trousers and other clothing gave evidence that he had been traveling afoot through the woods and thickets.

He was carried to the emporium of a rural mortician where he was interviewed by FBI agents. Admittedly they gave him *Miranda* warnings and he signed an appropriate waiver before the questioning began. He was apparently cooperative, however, and told the agents in lively detail of his claimed amorous activities that morning and early afternoon, and, at his insistence, accompanied the agents as they attempted to verify his story.

There then, of course, was no basis for preferring charges against the defendant, and he was released at Durham, North Carolina, where he lived.

The next day after the money and the pistol had been found in a tin can, the defendant was requested by telephone to stop by the offices of the FBI in Durham. He did so, and when he came in he was again given the *Miranda* warnings and again he executed an appropriate waiver. Informed of the discovery of the money and the pistol, however, he substantially changed his story and gave partially incriminating statements, including ownership of the pistol, which were used against him at the trial.

■■ Even if the questioning of the defendant on each occasion be regarded as custodial interrogation, there was full compliance with Miranda requirements.[1] The defendant was not ignorant nor under any incapacity. He had been to college. After giving the warnings and receiving the defendant's acknowledgments, the FBI agents were under no duty to refrain from listening to or talking to an apparently willing and cooperative witness or suspect. *Miranda* does not require law enforcement officials to insist upon or to suggest the refusal of cooperation. As long as the suspect is clearly told and clearly understands that he need not talk, that he may consult a

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

lawyer before deciding whether or not to talk, and that he may have one present when he talks, if he decides to talk, all of the requirements of *Miranda* are met.

■ Complaint is also made that the defendant was not carried before the Commissioner on the afternoon of the robbery but, as we have observed, there was then no basis for the charge against the defendant. He was not confined but was free to go to his home, as he did.

■ Complaint is made that the court instructed the jury as to aiding and abetting. The instruction was made appropriate by the defendant's claim that he had met a man in the woods who had requested his assistance in the concealment of the money and the pistol and the defendant's association of himself with the pistol as being his or one like his, though the defendant claimed he refused to assist in the concealment after seeing the large amount of money. Nor is it of any moment that in the indictment the defendant was charged only as the principal and not as an aider or abettor. Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919. It is true that in 1951 18 U.S.C.A. § 2 was amended. Theretofore it had provided that an aider or abettor was a principal. As amended, it provides that an aider or abettor is "punishable as a principal." The change in this context is not significant, and we have consistently held that under 18 U.S.C.A. § 2 one may be convicted of aiding and abetting under an indictment which charges only the principal offense. United States v. Harris, 4 Cir., 346 F.2d 182. Doubtless the better practice, whenever a basis for a charge of aiding and abetting is anticipated before trial, would be to have the indictment framed in the alternative or at least to have noted upon it a reference to 18 U.S.C.A. § 2. Nor need we note as plain error, in the absence of an objection or a request to charge, the trial judge's failure to charge that, under the defendant's statement, he could be convicted only as an accessory after the fact. 18 U.S.C.A. § 3. *See* F.R. Crim.P. 30, 52.

■ Finally, it is contended that Rule 24(a) of the Federal Rules of Criminal Procedure is unconstitutional to the extent that it deprives counsel for a criminal defendant of the right himself to interrogate and examine each potential juror. The contention, we think, is frivolous. There are very substantial reasons for referring the direction of all inquiries to the venire through the court and as long as the judge makes all of the inquiries of the panel which may be reasonably requested, the defendant has no basis for complaint.

There are still other grounds of appeal which we have examined but in which we find no merit.

Affirmed.