UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest TOUSANT, Defendant-Appellant.

No. 78–3615.

United States Court of Appeals,
Ninth Circuit.

May 23, 1980.

**PER CURIAM.**

The appellant urges this court to reverse his conviction and dismiss the indictments lodged against him because of preindictment delay. He further claims that the trial court committed reversible error in (1) refusing to have his proffered instruction No. 10 read to the jury, (2) denying his motion to suppress recorded communications and to discover unrecorded conversations and maintenance records for the tape recording equipment, (3) denying his pretrial motion to disclose the identity of the government's informer, and in (4) denying his motion for severance.

After considering the briefs and the arguments by the parties, we conclude that the conviction should be affirmed for the reasons set forth herein.

The appellant Ernest Tousant and his brother William Tousant were originally indicted on June 28, 1978 in a one-count indictment charging them with possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). A superseding indictment was returned on August 30, 1978 charging appellant Ernest Tousant in two counts with distributing heroin and William Tousant in count one with distributing heroin and in count two with aiding and abetting the distribution. A joint jury trial was afforded them and both were found guilty on each of the two counts. The trial court imposed sentence, and Ernest Tousant appeals.

The evidence in the record discloses that one Bell, an informer for the Drug Enforcement Administration (DEA), contacted appellant and, by recorded telephone conversations, arrangements were made for a meeting at appellant's home. While these two were discussing narcotics distribution, appellant's brother William arrived with an unidentified male. Bell told these persons that he wanted to buy five ounces of heroin that evening. William asked the unidentified male whether he could borrow the her-

Charles G. Rubin, Los Angeles, Cal., for defendant-appellant.

Andrea Sheridan Ordin, U. S. Atty., J. Stephen Czuleger, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before SNEED and FERGUSON, Circuit Judges, and TEMPLAR,* District Judge.

* "Honorable George Templar, Senior United States District Judge for the District of Kansas, sitting by designation.

oin. He then left the room and returned with 125 grams of heroin which Bell bought for $5,000.00 in government money. Appellant then drove Bell back to his hotel where Bell gave the heroin to Agent Crep. Bell had been searched by narcotics agents before his meeting with appellant and was under constant surveillance during this entire procedure. This purchase by Bell occurred on September 23, 1977.

Later, Bell located William Tousant in the Los Angeles County Jail and obtained from him a telephone number which enabled him to contact appellant. On December 14 and 15, Bell talked with the appellant by telephone, and a sale of one ounce of heroin was arranged. Both these telephone calls were partially recorded. On December 15, 1977, after being searched by DEA agents and kept under constant surveillance by them, Bell bought one ounce of heroin from appellant for $1100.00 in government funds.

■ First, appellant contends that the court committed reversible error in failing to give his proffered instruction No. 10 which reads:

> If an informer is also a narcotics addict, there are additional reasons why his testimony should be considered with great care. An addict has a constant need for a supply of drugs and for money to support his habit, and also may have abnormal fear of imprisonment in which his supply of drugs might be cut off. These are special circumstances which you may consider in weighing testimony of this kind. You of course may give the testimony such weight as you think proper, after considering all relevant circumstances.

Instead the trial court gave a detailed instruction cautioning the jury that an informant's testimony is to be examined with greater care than that of an ordinary witness. Not only was the jury specifically instructed to determine whether the testimony of the informer was affected by self interest and by prejudice against the defendant, the jury was also instructed that the informer, as an immunized witness, may

have realized that his freedom might depend on incriminating another and that this could be a motive to falsify his testimony. The trial court instructed the jury to consider all this and give the testimony of an informer such weight as they feel it deserves.

Appellant relies on *United States v. Kinnard*, 465 F.2d 566 (D.C. Cir. 1972) and on *Fletcher v. United States*, 158 F.2d 321 (D.C. Cir. 1946). Unlike *Fletcher* where the fact of addiction was clear and *Kinnard* where the defendant was erroneously foreclosed from establishing it, the crucial fact of drug addiction was not established at trial. Where the fact of addiction is not clear and where the district court has not precluded the defendant from establishing it, it is not error to reject an instruction on drug addiction. *United States v. Gregorio*, 497 F.2d 1253, 1262 (4th Cir.), *cert. denied*, 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298 (1974).

The testimony in the record discloses that although Bell, the informer, had at one time been addicted to heroin, he was not using the narcotic at the time of the trial and that he had not used it for more than six months before the trial and before that had used it only twice a week. The DEA agent Antonucci testified that Bell had received only minimal amounts of methadone from a Los Angeles clinic during the investigation. Appellant offered no evidence, either through cross-examination or rebuttal, to discredit the testimony of government witnesses on this issue.

Nor was the testimony of the informer without corroboration. Bell had been searched before the drug transactions and was under surveillance. The tape recorded conversations between Bell and the appellant arranging for the purchases are further corroboration.

Under the facts and circumstances of this case, the refusal of appellant's instruction No. 10 was not reversible error. The jury was well instructed on all elements and issues in the case. Such an instruction is consistent with this court's opinion in *Orebo*

*v. United States,* 293 F.2d 747 (9th Cir. 1961).

■ Second, the appellant complains that the tape recording of his conversation with the informer did not contain all the conversation and that, because only a portion of the conversation was recorded, it should have been excluded. It appears that Bell was undertaking to record the conversation, but he had difficulty in operating the recorder. Although the Omnibus Crime Control and Safe Streets Act requires the complete recording of any intercepted conversation, 18 U.S.C. § 2518(8)(a), Section 2511(c) exempts conversations in which one of the parties gives prior consent to the interception or if one of the parties is acting under color of law. Bell had consented to the interception and was apparently operating the recording equipment. Furthermore, the cases hold that informers acting under the direction of government agents are also excluded because they are acting under color of law. *United States v. Hodge,* 539 F.2d 898 (6th Cir.), *cert. denied sub. nom., United States v. Robertson,* 429 U.S. 1091, 97 S.Ct. 1100, 51 L.Ed.2d 536 (1974); *United States v. Rich,* 518 F.2d 980 (8th Cir. 1975), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976).

Appellant claims prejudice because he was not permitted to examine the tape and to obtain the maintenance record for the recording device. Appellant testified that he remembered most of the conversations; if the recorded portions had been misleading, he had the opportunity at trial to place them in context. This motion was simply an attempt to obtain evidence which the trial court had concluded need not be supplied to the appellant before trial. No prejudice was shown; no error exists.

■ Third, the appellant complains that the denial of his motion to disclose, before trial, the identity of the government's informer was somehow a denial of due process. He claims that he was prejudiced because he was prevented from having adequate cross-examination of a percipient and material witness. The trial record indicates that the appellant suffered no prejudice. He cross-examined the informer extensively and did not overlook any detail in attempting to impeach the witness. This matter rests largely in the trial court's discretion. The trial court must consider the dangers inherent in the disclosure of the informer's identity. Here, it appears from the affidavit of Special Agent Scotti and from the testimony of Special Agent Antonucci that the informer was enrolled in the Department of Justice Witness Protection Program and that he seriously feared for his life because he participated in the investigation.

The trial judge did not abuse his discretion in this case. He had sufficient basis to determine that the government's interest in withholding the informer's identity outweighed the defendant's interest in preparing his case for trial. Furthermore, the informer did testify and was examined at great length. The burden placed on the defendant to show specific need for disclosure was not met. Mere speculation about what the informer's testimony might be is not sufficient. *Lannom v. United States,* 381 F.2d 858, 861 (9th Cir. 1967); *United States v. Brown,* 562 F.2d 1144 (9th Cir. 1977).

■ Fourth, the appellant argues that the trial court erred in denying his motion for severance under Rule 14. Rule 14, F.R. Cr.P. provides that if it appears that a defendant is prejudiced by a joinder of defendants in an indictment or by joinder for trial together, the court *may* grant a severance or provide whatever other relief justice requires.

A trial judge has much discretion when considering a request for severance. There is no claim here that the co-defendants did not participate in the transactions constituting the offenses charged. There is little merit to the claim that evidence was received that applied to only one defendant. The facts of the cases are uncomplicated, and there is no merit to the claim that the jury might have been unable to compartmentalize the evidence as it related to each defendant and that the jury was confused.

The appellant has not carried the difficult burden of demonstrating undue prejudice from a joint trial, and we will reverse the trial court only in those rare instances where the refusal to sever amounts to an abuse of discretion. *United States v. Mc-Donald*, 576 F.2d 1350, 1355 (9th Cir. 1978); *United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977). No such showing appears here.

 Finally, the appellant claims he was prejudiced by reason on the pre-indictment delay and that this delay amounts to a denial of due process. Appellant did not demonstrate actual prejudice to his defense. The trial court, after considering the facts and argument presented, determined that nine months' delay was not unusual and that there had been no showing of prejudice. It was incumbent on the appellant, when raising such a claim, to first prove that the delay resulted in actual prejudice to his defense. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1971). It is not enough to advance speculative and premature claims of prejudice which may never occur. *United States v. Marion*, 404 U.S. 307, 325–26, 92 S.Ct. 455, 465–66, 30 L.Ed.2d 468 (1971). Here, the appellant did not show that witnesses were lost or that evidence had become unavailable due to the delay—facts that would have suggested actual prejudice. It is not enough to assert that the identities of potential defense witnesses have been lost without identifying the witnesses and relating the substance of their testimony and the efforts made to locate them. *United States v. Mays*, 549 F.2d 670 (9th Cir. 1977).

We therefore conclude for the reasons stated that the rulings on the motions and the refusal to give the proffered instruction were not erroneous and that the conviction by the trial court is hereby AFFIRMED.