**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bernard SHEDAN, Defendant-Appellant.**

No. 80–5495.

United States Court of Appeals, Fifth Circuit. Unit B

July 20, 1981.

---

337

cording was valid under federal law, and the tapes of the conversations were properly admitted at trial. *See* 18 U.S.C.A. § 2511(2)(c); *United States v. Nelligan*, 573 F.2d 251 (5th Cir. 1978). The fact that the informer was an individual paid by the federal government for his undercover work, rather than a state law enforcement officer working at the direction of the FBI as was the case in *Nelligan*, would not affect his "under color of law" status. *United States v. Rich*, 518 F.2d 980 (8th Cir. 1975), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976); *United States v. Tousant*, 619 F.2d 810 (9th Cir. 1980).

Defendant argues that certain tape recording discussions of unrelated marijuana transactions should have been given him as *Brady* material. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The tapes were not offered into evidence, and assuming they were *Brady* material even though they were inculpatory, not exculpatory, for defendant, the short answer is that the court determined the tapes had been submitted to defense counsel, and the record does not reflect otherwise.

Defendant's Jencks Act claim falls for the same reason. The informer's notes, as well as the tapes, were apparently turned over to defendant as required by law, 18 U.S.C.A. § 3500(b). The record does not show that the prosecutor took any unfair advantage of defense counsel.

Nothing in this record indicates that defendant was deprived of a fair trial.

AFFIRMED.

Alvin E. Entin, Ronald A. Dion, North Miami Beach, Fla., for defendant-appellant.

Hans G. Tanzler, III, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TUTTLE, RONEY and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant was charged with and convicted of conspiracy to distribute methaqualone (Quaaludes), two counts of possession with intent to distribute, and one count of using a communication facility in the commission of a felony. We affirm the conviction.

Since the undercover informer, who was employed by the Alcohol, Tobacco and Firearms Bureau and assisted the Drug Enforcement Administration, consented to the recording of his conversations with defendant and acted under color of law, the re-