124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Matthew Dwight HERMAN, Defendant-Appellant.
 No. 96-30362.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 9, 1997
Decided Sept. 24, 1997.
 
 1
 Appeal from the United States District Court for the District of Montana Jack D. Shanstrom, District Judge, Presiding
 
 
 2
 Before: WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Matthew Dwight Herman appeals from his conviction and sentence for use of interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. The prosecution's key witness was Lailani Harris, and the majority of the evidence presented was in the form of audio-tapes and a video-tape of Harris and Herman.
 
 
 5
 Herman's principal contention on appeal is that the government failed to disclose evidence in the nature of alleged statements made by Harris to state investigative authorities in connection with her plea to state forgery charges. There was no Federal Rules of Criminal Procedure 16 violation, however, because there are no alleged statements of the defendant involved. Fed.R.Crim.P. 16(a)(1)(A). There was also no Jencks Act violation because the alleged statements were not obtained by officials of the United States, and the prosecutor denied having any such statements. See 18 U.S.C. § 3500(b), United States v. Durham, 941 F.2d 858, 861 (9th Cir.1991).
 
 
 6
 The remaining question is whether there has been a violation of the principles of Brady for failure of the government to turn over exculpatory evidence. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963). The defendant in his motion in limine did refer specifically to Brady. The district court, however, did not expressly rule on the Brady request. It appears to have dealt only with the Rule 16 and Jencks Act requests. The prosecutor, perhaps not realizing that a Brady request had been made, made no response to the request--he neither denied that there were any exculpatory materials or that he endeavored to obtain statements from the state authorities and that such statements were evidentiary. For whatever reason, we are left with a record in which we cannot know whether there was a Brady violation.
 
 
 7
 The defense's theory is that the plea agreement on the state forgery charges had a direct relation to Harris's cooperation in this case. The record does reflect that this prosecution was the product of a joint state-federal investigation. Accordingly, we remand to the district court to determine whether there are any available Harris statements or other relevant materials in connection with the state proceedings, and, if so, to conduct an in camera examination of them to determine if they are exculpatory within the meaning of Brady and Kyles v. Whitley, 115 S.Ct. 1555, 1565 (1995). See Pennsylvania v. Ritchie, 480 U.S. 39, 58, 107 S.Ct. 989, 1002 (1987) (requiring remand and in camera inspection).
 
 
 8
 Although the government contends that any error in connection with Brady was harmless because Harris's credibility was not in question in this case, it is apparent that Harris's testimony was necessary in order for the jury to make sense of the electronic evidence and understand it in the light that the prosecution wished it to be understood.
 
 
 9
 Herman also contends there was error in the court's admitting the portion of an audio-tape in which Herman refers to a prior homicide he had committed. The evidence was relevant to refute his defense that he never believed that Harris was in reality planning a murder as he and Harris had discussed. There was no error.
 
 
 10
 We turn briefly to Herman's remaining claims of error. The district court's limitation of the defense counsel's cross-examination of Harris's mother-in-law did not violate Herman's confrontation rights because the subject of cross was only peripherally relevant to the witness's bias, and therefore, of only "minimal relevance that the trial court would be justified [ ] in totally prohibiting cross-examination about [it]." Chipman v. Mercer, 628 F.2d 528, 531 (9th Cir.1980) (citations omitted).
 
 
 11
 Herman's contention that the recorded conversations between Harris and himself violate the federal wiretapping statute is also without merit because Harris is exempted under that statute. See 18 U.S.C.A. § 2511(c); United States v. Tousant, 619 F.2d 810, 813 (9th Cir.1980). The district court did not err in formulating jury instructions because (1) the element instruction correctly stated the elements of murder-for-hire, see United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989), and (2) the motive instruction was proper under United States v. Potter, 616 F.2d 384, 390 (9th Cir.1979).
 
 
 12
 Finally, Herman's motion for a directed verdict was properly denied because the conviction was largely based on an assessment of the credibility of the witnesses, which is squarely within the purview of the jury, not the court. See Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th Cir.1991).
 
 
 13
 REMANDED for further proceedings on Herman's Brady claim. The conviction and sentence are otherwise AFFIRMED.
 
 
 14
 AFFIRMED in part and REMANDED in part.
 
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3