UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

MICHAEL HARRIOT, a/k/a Lanky,
a/k/a James D. Smith, a/k/a Michael
Smith, a/k/a Donovan Smith, a/k/a
Richard Onyett, a/k/a Bernard
Barber,

              *Defendant-Appellant.*

No. 01-4331

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-99-341)

Submitted: February 28, 2002

Decided: March 14, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis H. Lang, CALLISON, TIGHE & ROBINSON, L.L.P., Columbia, South Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Scarlett Anne Wilson, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Harriot appeals from his life sentence for conspiracy to possess with intent to distribute and distribution of 100 kilograms of marijuana, 5 kilograms or more of cocaine, and 50 grams or more of cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999); knowingly and intentionally using a person under 18 years of age in the distribution of and possession with intent to distribute quantities of cocaine and crack cocaine in violation of 21 U.S.C.A. § 861(a)(1) (West 1999); and for being an alien found in the United States after having been deported and not having obtained the express consent of the Attorney General to reapply for admission to the United States, in violation of 8 U.S.C.A. § 1326 (West 1999).

Harriot's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but raising these issues regarding the admissibility of evidence: (1) whether the district court erred in denying Harriot's motion to suppress tape recordings as obtained by an illegal wiretap; (2) whether the district court erred in admitting into evidence Harriot's prior state court felony conviction under the theory that it was intrinsic to the charged conspiracy; and (3) whether the district court erred in admitting summaries of Western Union transactions.

The district court's determination of the admissibility of evidence is reviewed on appeal for an abuse of discretion. *United States v. Greenwood*, 796 F.2d 42 (4th Cir. 1986).

On appeal, Harriot objected to the admission into evidence of recordings made by Keisha Shropshire, arguing that they were obtained via an illegal wiretap, pursuant to 18 U.S.C.A. § 2511, because Shropshire was acting as a government agent. Section 2515 prohibits the evidentiary use of any illegally obtained tape recordings

of telephone or other electronically transmitted conversations. However, § 2511(2)(c) allows the use of tape recordings made by a participant in the conversation who is acting "under color of law." Because Shropshire clearly acted at the direction of the Government, we conclude she acted under color of law. *See United States v. Andreas*, 216 F.3d 645, 660 (7th Cir. 2000); *Obron Atlantic Corp. v. Barr*, 990 F.2d 861, 863-65 (6th Cir. 1993); *United States v. Haimowitz*, 725 F.2d 1561, 1582 (11th Cir 1984); *United States v. Tousant*, 619 F.2d 810, 813 (9th Cir. 1980). Further, Harriot was aware of Shropshire's participation in each conversation she recorded. Accordingly, the trial court did not abuse its discretion by admitting the tapes.

Harriot next challenges the district court's ruling admitting his 1993 state court drug conviction into evidence. As this evidence was, in this case, intrinsic to the charged conspiracy, the court properly admitted it. *See United States v. Chin*, 83 F.3d 83 (4th Cir. 1996).

Harriot also challenges as irrelevant the admission of summaries of Western Union records which showed the transfer of significant amounts of money from South Carolina to California. Summaries of voluminous records are admissible under Fed. R. Evid. 1006. Evidence is relevant if it has the tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. The summaries of Western Union transactions were relevant because they tended to show that Harriot was involved in a complex drug conspiracy involving numerous large money transfers to California. Each transaction involved at least one person who was identified by a witness as an individual involved in the conspiracy. Therefore, these records were properly admitted.

In his supplemental pro se brief, Harriot challenges the sufficiency of the evidence. If substantial evidence exists to support a verdict, the verdict must be sustained. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)). In evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses or weigh the evidence, and it assumes that the jury resolved all contradictions in favor of the Government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The Government presented several witnesses who testified as to Harriot's drug transactions. Furthermore, the Govern-

ment presented tape-recorded conversations divulging damaging details of the drug conspiracy. The evidence was sufficient to support each count.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal.\* We therefore affirm Harriot's conviction and sentence. We also deny his motion for an extension of time to file a supplemental brief, and his motions to substitute counsel, for production of documents, to strike counsel's *Anders* brief, and to dismiss the indictment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

\*We have considered the remaining issues raised in Harriot's supplemental papers and find they reveal no reversible error.