**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

LEONARD D. SNEED,
　　　　　*Defendant-Appellant.*

No. 01-4880

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-99-687-3)

Submitted: November 27, 2002

Decided: December 23, 2002

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

J. Kevin Holmes, THE STEINBERG LAW FIRM, L.L.P., Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Following a jury trial, Leonard D. Sneed was convicted on one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2000) (Count 1), and four counts of distribution of less than five grams of crack on four occasions in August and September 1998, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) (2000), and 18 U.S.C. § 2 (2000) (Counts 5 through 8). The district court sentenced Sneed to life in prison on Count 1 and imposed concurrent thirty-year prison terms on Counts 5 through 8. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal but asserting numerous issues that were raised at trial or at sentencing or that Sneed asked him to raise on appeal. Sneed was advised on his right to file a pro se supplemental brief but declined to do so. For the reasons that follow, we affirm.

Sneed first contends that the indictment was defective for numerous reasons. His claim that the grand jury foreperson and the government attorney failed to sign the indictment is unsupported by the record. Contrary to Sneed's next claim, his indictment does not implicate the concerns raised in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The fifty grams or more drug quantity upon which he was convicted was charged in the indictment, submitted to the jury with proper instructions, and proven beyond a reasonable doubt. Sneed also argues that the indictment was defective because Counts 5 through 8 charged violations of 18 U.S.C. § 2, but none of the counts contain language alleging that Sneed aided and abetted distribution of crack. This claim fails because aiding and abetting is implied by an indictment for any crime and need not be separately specified. *United States v. Duke*, 409 F.2d 669, 671 (4th Cir. 1969). In any event, the evidence presented at trial established that Sneed was a principal in these offenses rather than an aider and abettor.

Next, Sneed asserts that the government violated the Federal Rules of Criminal Procedure and the Jencks Act by failing to produce the grand jury transcripts. Grand jury testimony may be disclosed to a defendant "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Fed. R. Crim. P. 6(e)(3)(C)(ii). Sneed made no such showing in this case. To the extent that Sneed alleges a Jencks Act violation because the government did not produce the grand jury testimony of government witnesses who testified at trial, his claim fails because he did not move for the production of such statements. *See* 18 U.S.C. § 3500(b) (2000) (where defendant so moves, court shall order government to produce relevant portion of grand jury testimony of government witness).

Sneed argues that he should not have received an enhanced sentence on Count 1 for his prior felony convictions because he did not receive pretrial notice pursuant to 21 U.S.C. § 851 (2000). This contention is not supported by the record. He also argues that the government failed to offer any evidence that the contraband in question was crack. However, the parties stipulated that the substance Sneed sold to Wanda Holmes, an informant, during four controlled buys was crack. Furthermore, the witnesses who testified at trial concerning drug dealings with Sneed testified that they either distributed crack to or received crack from Sneed.

The government videotaped the four controlled buys that were the subject of Counts 5 through 8 of the indictment. Sneed challenges the admissibility of these recordings. As an informant for the government, Holmes was acting under color of law when she cooperated in the recording of her drug transactions with Sneed. We therefore find that the evidentiary use of the videotapes was permissible. 28 U.S.C. § 2511(2)(c) (2000); *United States v. Andreas*, 216 F.3d 645, 660 (7th Cir.), *cert. denied*, 531 U.S. 1014 (2000); *Obron Atlantic Corp. v. Barr*, 990 F.2d 861, 863-65 (6th Cir. 1993); *United States v. Haimowitz*, 725 F.2d 1561, 1582 (11th Cir. 1984); *United States v. Tousant*, 619 F.2d 810, 813 (9th Cir. 1980).

Sneed contends that the district court erred in denying his motion for judgment of acquittal on Count 1, made pursuant to Fed. R. Crim. P. 29, on the grounds that the evidence was insufficient to support his

conspiracy conviction. To convict Sneed on the drug conspiracy count, the government had to prove the existence of an agreement between Sneed and others to possess with intent to distribute and to distribute crack, that Sneed knew about the conspiracy, and that he knowingly and voluntarily joined the conspiracy. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). A single conspiracy exists when it has "the same objective, . . . the same goal, the same nature, the same geographic spread, the same results, and the same product." *United States v. Capers*, 61 F.3d 1100, 1107 (4th Cir. 1995) (internal quotation marks omitted). Further, a single conspiracy may be found even where there is "a loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise." *Id.* (internal quotation marks omitted).

Evidence presented at trial established that Sneed was engaged in crack distribution within a section of Beaufort County, South Carolina. Sneed was involved with several other individuals who supplied and obtained crack from each other. This ongoing drug distribution occurred from 1992 to 1998. Viewing this evidence in the light most favorable to the government, we find that the evidence was sufficient to support Sneed's conspiracy conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Sneed contends that the district court erred by instructing the jury on the lesser included offenses within Count 1. We find that the district court did not abuse its discretion in giving the instruction and, in any event, Sneed suffered no prejudice from this instruction.

Under 21 U.S.C.A. § 841(b)(1)(A), Sneed received a mandatory life sentence on Count 1 of the indictment based on three prior crack distribution convictions in South Carolina. Sneed claims that the § 851 notice was inadequate because it failed to specify that 21 U.S.C.A. § 841(b)(1)(A) was the provision upon which the government was relying for enhancement. However, § 851 only requires that the information notify the defendant about the particular prior convictions that may be used to enhance his sentence—not the statutory provisions permitting such enhancements. *See United States v. Campbell*, 980 F.2d 245, 252 (4th Cir. 1992) ("nowhere in section 851 is the United States Attorney required to specify what subsection he is relying on for enhancement"). Furthermore, although he was sentenced on

the same day for the three state crack distribution convictions, Sneed committed each crime on a separate date and, notwithstanding Sneed's claims to the contrary, there is no evidence that these convictions were formally consolidated. We find that the district court properly treated them as separate offenses for enhancement purposes. *United States v. Ford*, 88 F.3d 1350, 1365-66 (4th Cir. 1996); *cf. United States v. Allen*, 50 F.3d 294, 297 (4th Cir. 1995).

Finally, Sneed alleges ineffective assistance of trial counsel. We find that Sneed's claims of ineffective assistance are not cognizable on direct appeal because the record does not conclusively show that he was denied effective assistance of counsel. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

For these reasons, we affirm Sneed's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*