**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4809**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DION MONTREAL COXTON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, District Judge.  (3:05-cr-00339-FDW-3)

Submitted: January 31, 2011          Decided:  March 18, 2011

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric A. Bach, Charlotte, North Carolina, for Appellant.  Edward R. Ryan, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dion Montreal Coxton was convicted of conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base (Count One); conspiracy to use and carry firearms during and in relation to a drug trafficking crime (Count Two); using, carrying, and possessing a firearm during and in relation to a drug trafficking crime, causing the death of a person through use of the firearm, and aiding and abetting the same (Count Three); possession of a firearm by a convicted felon (Count Four); and possession with intent to distribute cocaine and aiding and abetting (Count Five). Coxton was sentenced to life on Count One, 245 months, concurrent, on Count Two, 405 months on Count Three, 120 months on Count Four, and 408 months on Count Five. The sentences on Counts One, Two, Four, and Five run concurrently, and the sentence on Count Three runs consecutively to the concurrent sentence. Coxton now appeals, raising three issues. We affirm.

I.

Coxton, Montare Goodman, Damien Miller, and Royre Ervin were crack dealers in Charlotte. Marvin Clark sold Goodman cheap crack that proved to be candle wax. Clark also attempted to sell Ervin bogus crack; however, Ervin learned of

2

the scam from Goodman.  Goodman and Ervin decided to rob Clark and recover Goodman's money.

To carry out the plan, Ervin contacted Clark to set up a crack deal. The two met to consummate the deal.  Ervin distracted Clark until Coxton, Goodman, and Miller arrived. Upon arriving, Goodman and Coxton got out of their car and shot Clark.  Goodman had a rifle, and Coxton had a semiautomatic handgun.  The bullet that Goodman fired killed Clark, while Coxton's bullet struck him in the thigh. Ervin, Goodman, and Miller testified at Coxton's trial.

II.

Coxton first contends that the district court's instruction on Count Three constructively amended the indictment because, although the court instructed on an aiding and abetting theory, the indictment allegedly did not charge Coxton with aiding and abetting.  Accordingly, Coxton argues that the district court impermissibly broadened the bases for conviction beyond those charged in the indictment.  See United States v. Malloy, 568 F.3d 166, 178 (4th Cir. 2009) (discussing constructive amendment).  This claim is without merit.

First, the language of Count Three plainly charged that Coxton violated 18 U.S.C. §§ 924(c)(1), 924(j)(1) (2006) "and did aid and abet other persons known to the Grand Jury."

3

Second, Count Three's citation of 18 U.S.C. § 2 (2006) contained a typographical error;[1] however, as the district court found, this error would not have misled Coxton as to what the charge was. Finally, even if the indictment did not properly charge aiding and abetting in violation of 18 U.S.C. § 2, the error is not grounds for reversal. We have held that the aiding and abetting provision does not set forth an essential element of the offense of which the defendant is charged or itself create a separate offense. Therefore, aiding and abetting need not be charged in an indictment. United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003); United States v. Duke, 409 F.2d 669, 670-711 (4th Cir. 1969).

III.

Coxton also contends that the district court's aiding and abetting instruction on Count Three was improper because the court did not instruct that the defendant either (1) must have knowingly aided or abetted his codefendant in using or carrying the murder weapon or (2) must have known that the murder would occur. Coxton did not preserve this claim, and we therefore

_____

[1] The indictment reads, "All in violation of Title 18, United States Code, Sections 924(c)(1), 924(j)(1) and (2)." The correct citation would not have included parentheses around the number 2.

4

review for plain error. See Neder v. United States, 527 U.S. 1, 9 (1999). To establish plain error, the defendant "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

After carefully reviewing the instruction on Count Three, we conclude that the jury was properly instructed. Notably, the district court instructed that to convict Coxton of aiding and abetting, "it is necessary that the defendant knowingly associate himself in some way with the crime and participate in the crime by doing some act to help make the crime succeed." Participation, the court continued, required "that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime." Finally, the court cautioned that:

> "[i]f a person has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime, [that person] is not an aider and abettor. An aider and abettor must know that a crime is being committed and act in a way that is intended to bring about the success of the criminal venture."

Contrary to Coxton's assertion, the court made clear through its instruction that, to convict him as an aider and abettor, the

5

jury had to find that he knowingly aided and abetted his codefendant's crime (the § 924(c)(1) offense).[2]

Even if the instruction was erroneous, Coxton failed to establish that the error was plain. Testimony at trial established that Goodman believed he needed protection when he confronted Clark. Ervin supplied Goodman with the rifle. Goodman then contacted Coxton, who agreed to supply the handgun. When Goodman met Coxton, Coxton approached with the gun in one hand and its magazine in the other. Coxton then got into the car with Goodman and Miller. Upon arrival at the scheduled meeting place, Coxton was the first out of the car and the first to open fire. Goodman followed and began shooting the rifle. Coxton's actions clearly aided and abetted Goodman's actions: not only did he supply one of the firearms that Goodman felt he needed for protection, but Coxton likely emboldened Goodman's use of the firearm by shooting first.

## IV.

Finally, Coxton argues that admission of evidence of his prior involvement with guns and drugs was unduly prejudicial and should have been excluded under Fed. R. Evid. 403, 404(b).

---

[2] We also reject Coxton's contention that the district court erroneously instructed the jury that § 924(c) and § 924(j) were separate offenses.

6

We review the admission of evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005). "[A]n abuse [of discretion] occurs only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006).

Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. "To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks and citation omitted). "Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks and citation omitted), and, "[a]s a rule of inclusion, the rule's list is not exhausting." United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997).

7

"Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] 403 . . . ," Siegel, 536 F.3d at 319, such that its probative value is not substantially outweighed by its prejudicial value. Queen, 132 F.3d at 995. Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). "Rule 403 only requires suppression of evidence that results in unfair prejudice—prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweigh[s] the probative value of the evidence." United States v. Mohr, and citation omitted).

We conclude that the district court did not abuse its discretion in admitting evidence of a 2004 incident during which Coxton was found in possession of a handgun, drugs, and drug paraphernalia. By pleading not guilty, Coxton's intentional involvement in drug trafficking and the use of weapons in furtherance of that trade was placed at issue. The Rule 404(b) evidence was relevant and necessary to the issue of his intent, his knowledge of the drug trade, and lack of mistake. The testimony was reliable, as it was given by three law enforcement officers who investigated the 2004 incident. Finally,

especially in light of the court's several limiting instructions, the evidence was not more prejudicial than probative. In this regard, we observed in Queen that "fear that the jury may improperly use the evidence subsides . . . [after] the trial judge has given a limiting instruction on the use of Rule 404(b). United States v. Queen, 132 F.3d at 997. Juries are presumed to follow a court's instructions. Jones v. United States, 527 U.S. 373, 394 (1999).

## V.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED