Certiorari granted, October 5, 2012
Vacated by Supreme Court, June 17, 2013

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4208**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ALLEN RYAN ALLEYNE,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:10-cr-00134-REP-1)

———————————

Submitted:  November 30, 2011      Decided:  December 15, 2011

———————————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Ryan Alleyne appeals his conviction and resulting 130-month custodial sentence. A federal jury found Alleyne guilty of robbery affecting commerce in violation of 18 U.S.C. §§ 1951(a), 2 (2006) and use or carry of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c), 2 (2006). We affirm the judgment.

Alleyne first argues that the evidence was insufficient to support either of his convictions. We review the denial of a motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks omitted).

Importantly, we "do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We are mindful that "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and brackets omitted).

Alleyne fails to persuade us that the evidence against him was insufficient to sustain his convictions. He claims that the only witness who connected him to the robbery was inherently incredible. We refuse to substitute our own credibility assessment for that of the jury. Moreover, independent evidence corroborated much of the witness' testimony. Although no direct testimony established that he participated in the use of the firearm, such an inference was reasonable given Alleyne's participation in the planning and execution of the robbery. Alleyne's sufficiency of the evidence arguments lack merit.

Alleyne contends that he was convicted under a theory of aiding and abetting liability despite an unambiguous charge in the indictment that he acted as the principal. He claims that the Government's presentation of evidence and the court's jury instructions on aiding and abetting liability constructively amended the indictment.

"A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994). "A constructive amendment is a fatal variance because the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks omitted). A constructive amendment is error per se, and, given the Fifth Amendment right to be indicted by a grand jury, "must be corrected on appeal, even when not preserved by objection." Floresca, 38 F.3d at 714.

"Because the aiding and abetting provision [18 U.S.C. § 2] does not set forth an essential element of the offense with which the defendant is charged or itself create a separate offense, aiding and abetting liability need not be charged in an indictment." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010). A defendant "may be convicted of aiding and abetting under an indictment which charges only the principal offense." United States v. Duke, 409 F.2d 669, 671 (4th Cir. 1969).

4

We do not find that Alleyne's indictment was constructively amended during trial. The indictment specifically charged violation of 18 U.S.C. § 2 (2006), thereby putting Alleyne on notice of the Government's aiding and abetting theory. See United States v. Robinson, 956 F.2d 1388, 1394-95 (7th Cir. 1992). He was not convicted of a crime other than that charged in the indictment.

Nor do we find that the presentation of the aiding and abetting theory of liability constituted a prejudicial variance. No impermissible prejudice occurs if "the indictment provides the defendant with adequate notice of the charges against him and is sufficient to allow the defendant to plead it as a bar to subsequent prosecutions." United States v. Redd, 161 F.3d 793, 795-96 (4th Cir. 1998). Alleyne was indisputably on notice of the Government's intention to pursue an aiding and abetting theory of liability before his trial. Alleyne has not alleged that the indictment is insufficient to bar re-prosecution against him. We do not find a prejudicial variance on these facts.

Alleyne's final appellate argument is that the district court erred by holding him responsible at sentencing for brandishing a firearm. The court's finding elevated Alleyne's mandatory minimum sentence for the firearm conviction from five years to seven years pursuant to 18 U.S.C. 924(c). We

5

review a district court's factual findings at sentencing for clear error. United States v. Pauley, 289 F.3d 254, 258 (4th Cir. 2002).

We first note, as Alleyne has conceded, that Supreme Court precedent forecloses any argument that Alleyne's constitutional rights were violated by the district court's finding that he was accountable for brandishing the firearm despite the jury's finding that he was not guilty of that offense. Harris v. United States, 536 U.S. 545, 556 (2002). We do not find the district court's finding otherwise clearly erroneous.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED