**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5131**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CHADRIQUEZ DEVON WILLIAMS,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Danville.   Samuel G. Wilson, District Judge.   (4:09-cr-00039-sgw-1)

_____

Submitted:  May 18, 2012                    Decided:  May 31, 2012

_____

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lawrence H. Woodward, Jr., Charles Lustig, SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chadriquez Devon Williams appeals his conviction and 360-month sentence after a jury convicted him of one count each of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006); and use and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2011).[*] Williams asserts that the district court committed reversible error when it: (1) classified him as a career offender because he claims that the predicate convictions underlying the classification were part of the same course of conduct; (2) instructed the jury on an aiding and abetting theory of guilt because he argues that the evidence did not warrant such an instruction; and (3) on remand, increased his sentence from 120 months to 342 months on his first § 924(c) conviction because he alleges that none of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors changed between his initial sentencing hearing and his resentencing. Finding no error, we affirm.

---

[*] Williams was originally convicted on two § 924(c) counts, for which he was sentenced to 120 months on one and 300 months on the other. After Williams appealed to this court, the Government moved to dismiss the latter § 924(c) count, and this court vacated Williams' sentence and remanded the matter for resentencing. On remand, the district court increased Williams' sentence on the remaining § 924(c) count from 120 months to 342 months in prison.

2

First, this court reviews a district court's decision whether to give, and the content of, a jury instruction for an abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009). An aiding and abetting instruction is permissible where the evidence establishes that a defendant assisted in the commission of a crime, even if he was charged as a principal. Nye & Nissen v. United States, 336 U.S. 613, 619-20 (1949); United States v. Duke, 409 F.2d 669, 671 (4th Cir. 1969). Although it is preferable for a district court to tailor an aiding and abetting instruction to a particular count, a general instruction may be acceptable in certain circumstances. See United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (finding that district court acted within its discretion when it declined to further highlight the aiding and abetting instruction by tailoring it to a particular count). We have reviewed the district court's aiding and abetting instruction in light of the evidence presented at trial and conclude that the district court did not abuse its discretion when it instructed the jury in the manner in which it did.

We also review Williams' sentence under the deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the

3

Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks, citations and alterations omitted). The court must then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting presumption of reasonableness for within-Guidelines sentence).

We reject Williams' assertion that he should not have been classified as a career offender. Under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2010), a defendant qualifies as a career offender if: (1) the defendant is older than eighteen years of age at the time of the instant offense; (2) the instant offense is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two felony convictions for either a crime of violence or a controlled substance offense. Williams concedes his situation satisfies all of the requirements for career offender status. Despite his concession, Williams summarily asks the court to find, "under the unique facts of this case," that the district court erred by counting his prior convictions as proper career offender predicate convictions. Because Williams concedes his situation

satisfies the career offender requirements, and since he assigns no error to the district court's decision to classify him as a career offender, we reject Williams' request to have his sentence vacated on this ground.

We also discern no error in the district court's decision to impose, on remand, a 342-month sentence on Williams' undismissed § 924(c) conviction. Although Williams concedes that his new sentence is within the Guidelines range with which he was attributed at sentencing, and admits that his sentence is, thus, presumptively reasonable, Williams summarily requests that the court find the sentence unreasonable under the § 3553(a) factors.

Williams' summary request for this court to vacate his sentence is insufficient to rebut the presumption of reasonableness this court affords his within-Guidelines sentence. Go, 517 F.3d at 218. We nonetheless conclude that because this court's mandate remanding the matter to the district court for resentencing was unrestricted, the district court was well-within its rights to conduct a de novo proceeding on remand. See United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993) ("[T]o the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo[.]").

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED